**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Del Priore-Tejera,<br><br>Petitioner,<br><br>vs.<br><br>Eric H. Holder, Jr., Attorney General of the United States; Janet Napolitano, Secretary of the Department of Homeland Security; Katrina Kane, Field Director, Immigration and Customs Enforcement,<br><br>Respondents. | No. CV09-1907-PHX-NVW<br><br>**ORDER** |

**I.     Background**

Petitioner, a citizen of Uruguay, legally entered the United States on August 8, 2002, under the Visa Waiver Program of the Immigration and Nationality Act ("INA"). Under the Visa Waiver Program, a qualifying alien may enter the United States as a nonimmigrant visitor for up to ninety days. INA § 217(a), 8 U.S.C. § 1187(a). Because Petitioner remained in the United States well beyond the authorized ninety-day period, he was apprehended and detained on September 3, 2009, by U.S. Immigration and Customs Enforcement.

During his detention, Petitioner filed his Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (doc. #1) with this Court pursuant to 28 U.S.C. § 2241. The petition seeks a writ of habeas corpus securing Petitioner's release

from detention on bond, injunctive relief preventing Respondents from removing Petitioner pursuant to the Visa Waiver Program, and a declaration that Petitioner is removable only under INA § 240, 8 U.S.C. § 1229a. Petitioner's detention has since terminated, because on October 2, 2009, Petitioner was removed to Uruguay pursuant to an order of removal issued by a U.S. Immigration and Customs Enforcement officer. Under INA § 212(a)(9), 8 U.S.C. § 1182(a)(9), Petitioner's deportation bars him from reentering the United States for ten years.

Now pending before the Court is Respondents' Suggestion of Mootness (doc. # 6), Petitioner's Response in Opposition to Suggestion of Mootness (doc. # 7), and Respondents' Reply (doc. # 9). Respondents challenge the Petition (doc. #1) on two grounds. First, they contend that to the extent the petition challenges the lawfulness of the order of removal, this Court lacks subject matter jurisdiction to grant the relief sought by Petitioner. Second, they argue that to the extent the petition challenges the length of Petitioner's detention and the fact that Petitioner was detained without bond, the petition is moot. Because these challenges are predicated on lack of subject matter jurisdiction, the Respondents' Suggestion of Mootness (doc. # 6) will be treated as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion will be granted.

**II.     Analysis**

**A.     Jurisdiction to Review Order of Removal**

Under the Real ID Act of 2005, Congress amended the provisions governing judicial review of a final order of removal under the INA. *See Iasu v. Smith*, 511 F.3d 881, 884 (9th Cir. 2007). Pursuant to the Real ID Act's jurisdiction-stripping provision, "no court shall have jurisdiction, by habeas corpus . . . or by any other provision of law (statutory or nonstatutory), to review such an order . . . ." INA § 242(b)(9), 8 U.S.C. § 1252(b)(9). Rather, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . ." *Id.* § 242(a)(5), 8 U.S.C. § 1252(a)(5). Congress intended to "have all

challenges to removal orders heard in a single forum . . . ." *Iasu*, 511 F.3d at 887 (quoting *Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005)). Therefore, district courts do not have jurisdiction to review an order of removal under the INA. *Iasu*, 511 F.3d at 886; *see also Singh v. Gonzales*, 499 F.3d 969, 977-78 (9th Cir. 2007).

Here, Petitioner is seeking, in part, a review of the order of removal. The Petition (doc. # 1) requests an injunction to prevent Respondents from removing Petitioner pursuant to the Visa Waiver Program, as was required in the order of removal. It also seeks a declaration that Petitioner is removable only under INA § 240, 8 U.S.C. § 1229a. Both forms of relief request a review of the lawfulness of the removal, which this Court has no jurisdiction to grant. Therefore, to the extent the Petition challenges the order of removal, it is denied.

Petitioner is also challenging his detention on grounds unrelated to the lawfulness of the order of removal. Specifically, he challenges Respondents' refusal to release him on bond and the length of his detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001). The jurisdiction-stripping provisions of the Real ID Act do not apply to habeas petitions that challenge the detention without challenging the order of removal. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006) ("By its terms, the jurisdiction-stripping provision does not apply to federal habeas corpus petitions that do not involve finals orders of removal."); *Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) ("[T]he Real ID Act did not eliminate a district court's jurisdiction to review habeas petitions challenging an alien's detention."). Therefore, the Real ID Act did not remove this Court's jurisdiction to hear Petitioner's challenges to his detention. However, as explained below, the challenges are moot.

**B. Mootness of Petition for Release from Detention**

Article III of the Constitution limits federal jurisdiction to "Cases" and "Controversies." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). Under the mootness doctrine, there is a judicially cognizable case or controversy only if the plaintiff continues "to have a 'personal stake in

the outcome' of the lawsuit." *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)). In other words, the plaintiff must, throughout the litigation, continue to have an injury capable of redress by a favorable judicial decision. *Id.*

The writ of habeas corpus is an instrument that allows a petitioner to challenge the legality or duration of his detention. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). A court's power under the writ is limited to releasing the petitioner from the wrongful detention. *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991). Where a petitioner is released from detention while his habeas petition is pending, however, the release does not automatically render the petition moot. *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007). If the petitioner continues to suffer "collateral consequences" of the detention that are capable of judicial redress, the petition continues to present a live controversy. *See Kaur v. Holder*, 561 F.3d 957, 959 (9th Cir. 2009); *Abdala*, 488 F.3d at 1064; *Ferry*, 457 F.3d at 1132.

Here, Petitioner was released from detention and removed from the United States on October 2, 2009. Therefore, the challenges to his detention are moot unless Petitioner continues to suffer "collateral consequences" of the allegedly unlawful detention. Petitioner maintains that his deportation and the accompanying ten-year bar to reentering the United States are collateral consequences of the detention that prevent his challenges from being rendered moot. This argument fails for two reasons. First, the bar to reentry is a collateral consequence of the order of removal, not the length of the detention or the fact that he was denied bond. *See Abdala*, 488 F.3d at 1065 (holding that because petitioner challenged only the length of his detention, his subsequent deportation and removal rendered the petition moot); *Ferry*, 457 F.3d at 1132 (holding that a bar to reentry was a collateral consequence of an order of removal, not a collateral consequence of petitioner's detention without bond); *see also Kaur*, 561 F.3d at 959 (holding that a bar to reentry was a collateral consequence of the Board of Immigration Appeals'

1 determination of inadmissibility, not a collateral consequence of a denial of withholding
2 of deportation). Second, assuming *arguendo* that the bar to reentry is a collateral
3 consequence of the detention, it is not capable of judicial redress in this Court. Relieving
4 Petitioner of the bar to reentry requires a review of the order of removal. As noted,
5 district courts lack jurisdiction to review or vacate orders of removal. Therefore, to the
6 extent the Petition challenges the length of the detention and the fact that Petitioner was
7 denied bond, the Petition is denied as moot.

IT IS THEREFORE ORDERED that Respondents' Suggestion of Mootness (doc. # 6), converted to a motion to dismiss for lack of subject matter jurisdiction, is granted.

IT IS FURTHER ORDERED that the Clerk enter judgment dismissing this action for lack of subject matter jurisdiction. The Clerk shall terminate this action.

DATED this 30th day of November, 2009.

_____
Neil V. Wake
United States District Judge